# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) I.D. No. 0503015173
)
KEVIN A. ROY, )
)
Defendant. )

Submitted: February 27, 2017
Decided:  March 13, 2017

Upon Defendant's Third Motion for Postconviction Relief
**SUMMARILY DISMISSED.**

Upon Defendant's Motion for Appointment of Counsel
**DENIED.**

## **ORDER**

Kevin A. Roy, *pro se*, Smyrna, DE.

Cari A. Chapman, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorney for the State.

WHARTON, J.

This 13th day of March, 2017, upon consideration of Defendant's third Motion for Post-conviction Relief and the record in this matter, it appears to the Court that:

1. Defendant Kevin A. Roy ("Roy") was indicted by the Grand Jury on the charges of Murder First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF") (two counts), Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"), Attempted Delivery of Cocaine and Conspiracy Second Degree.[1] On February 6, 2006, Roy pled guilty to Manslaughter and one count of PFDCF.[2] He was sentenced to a total of 35 years of incarceration suspended after 30 years of incarceration, followed by decreasing levels of supervision.[3] Roy's 2008 appeal from the Court's 2006 sentencing order was dismissed as untimely.[4]

2. Roy has filed two prior Motions for Postconviction Relief ("PCR"), both of which were denied. His first, filed on April 29, 2008, raised issues related to transferring his case to the Family Court via a reverse amenability hearing.[5] It was denied on January 22, 2009.[6] The denial was affirmed on appeal on July 15, 2009.[7]

---

[1] D.I. 2.
[2] D.I. 28.
[3] D.I. 29.
[4] *See Roy v. State,* 945 A.2d 1168 (Del. 2008) (TABLE).
[5] D.I. 37.
[6] D.I. 46.
[7] D.I. 51.

Roy's second PCR motion was filed on May 2, 2013.[8] That PCR motion raised five grounds for relief: 1) counsel misled Roy into accepting a plea deal; 2) counsel failed to inform Roy of the lesser included offenses of first degree murder; 3) counsel's misapplication of the law caused Roy to accept the State's plea offer; 4) counsel's representation was deficient during the reverse amenability hearing; and 5) counsel failed to inform Roy of the status of his suppression motion during the plea negotiation process.[9] The Court denied this second PCR motion as both time barred and procedurally barred because Roy did not raise his claims previously.[10] Again, Roy appealed and again his appeal was dismissed as untimely.[11]

3.    Roy filed this PCR motion, his third, on February 27, 2017.[12] The motion raises a single compound ground for relief: Roy's due process rights, his right not to be subjected to cruel and unusual punishment, and his fair trial rights were violated when he was sentenced to 30 years imprisonment without consideration by the Court of his status as a youthful offender, coupled with an ineffective trial counsel who failed to pursue Roy's youth as a mitigating circumstance.[13]

4.    Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal

---

[8] D.I. 59.
[9] D.I. 61, 67 (Defendant-Petitioner's Amended Motion for Postconviction Relief).
[10] D.I. 77.
[11] D.I. 80.
[12] D.I. 90.
[13] Id.

Rule 61(i).[14] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[15]

5.    Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[16] A second or subsequent motion is considered successive and therefore barred unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction … invalid."[17] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[18] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the

---

[14] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[15] *Id.*
[16] Super. Ct. Crim. R. 61(i)(1).
[17] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[18] Super. Ct. Crim. R. 61(i)(3).

4

judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[19]

6. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[20]

7. In applying the procedural bars of Rule 61(i), it appears that the motion again is an untimely, successive motion for postconviction relief, asserting grounds for relief that were not raised in Roy's previous motions. Roy acknowledges as much.[21] In order to overcome these procedural bars Roy must satisfy the pleading requirements of Rule 61(2)(i) or (2)(ii)[22] by pleading "with particularity that new evidence exists that creates a strong inference that the movant is actually innocent"[23] or by pleading "with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction ...invalid."[24] Roy has opted for the latter approach, arguing that such a new rule exists.[25] Specifically, he cites a line of cases, beginning with *Eddings v. Oklahoma*,[26] running through *Graham v. Florida*,[27] *Miller v. Arizona*,[28] and

---

[19] Super. Ct. Crim. R. 61(i)(4).
[20] Super. Ct. Crim. R. 61(d)(5).
[21] D.I. 90.
[22] Super Ct. Crim. R. 61(i)(5).
[23] Super. Ct. Crim. R. 61(d)(2)(i).
[24] Super. Ct. Crim. R. 61(d)(2)(ii).
[25] D.I. 90.
[26] 455 U.S. 104 (1982).

*Montgomery v. Louisiana*,[29] to *State v. Reyes*[30] for the proposition that the Court imposed an unconstitutionally hash sentence on him as a youthful offender. More specifically, Roy argues that *Miller*, decided in 2012, was made retroactive by *Montgomery* in 2016.

8. A fair place to start seems to be *Miller* to see what new rule of constitutional law was made retroactive by *Montgomery*, and if that rule actually benefits Roy. While there is much discussion in *Miller* about the "hallmark features of youth – …immaturity, impetuosity and failure to appreciate risks and consequences,"[31] the new rule of constitutional law actually announced in *Miller* and made retroactive by *Montgomery* is this: the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.[32] Since Roy did not receive a mandatory sentence of life in prison without possibility of parole, the new rule of constitutional law announced in *Miller* does not apply to him. Accordingly, Roy's PCR motion fails to overcome the bars of Rule 61(i)(1)-(3), since it is untimely, successive, and raises issues not previously asserted.

---

[27] 560 U.S. 48 (2010).
[28] 567 U.S. 460, 132 S. Ct. 2455 (2012).
[29] __ U.S.__, 136 S. Ct. 718 (2016).
[30] 2016 WL 358613 (Del. Super. Jan. 27, 2016). The Superior Court decision in *State v. Reyes*, cited here by Roy, did not announce a new rule of constitutional law made retroactive to Roy's case and was not a Delaware Supreme Court decision.
[31] *Miller*, 567 U.S.__, 132 S. Ct. 2468.
[32] *Id*, 567 U.S. __, __, 132 S. Ct. 2469; *Montgomery*, __ U.S. __, __, 136 S. Ct. 718, 725.

Therefore, since it plainly appears from Roy's Motion for Postconviction Relief and the record in this case that Roy is not entitled to relief, the Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

Roy's Motion for Appointment of Counsel is **DENIED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc:   Prothonotary
cc:   Investigative Services

7